UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIANT TECHNOLOGY HOLDING INC.,<br><br>          Plaintiff,<br><br>vs.<br><br>CHRIS VANDERHOOK and TIMOTHY VANDERHOOK,<br><br>          Defendants. | Case No.: 1:23-cv-1347<br><br>**COMPLAINT** |

Plaintiff, Viant Technology Holding Inc. ("Viant"), by and through its undersigned counsel, for its Complaint against Defendants Chris Vanderhook and Timothy Vanderhook (the "Vanderhooks"), allege as follows:

**NATURE OF THE ACTION**

1. This is an action for specific performance to enforce the terms of the October 4, 2016 Xumo JV Holdings LLC ("Xumo") Limited Liability Company Agreement (the "LLC Agreement"), executed by and among the Vanderhooks and Viant, a wholly-owned subsidiary of Dotdash Meredith, Inc. ("DDM").

2. In 2019, Chris Vanderhook engaged the law firm Gibson, Dunn & Crutcher LLP ("Gibson Dunn") to perform certain legal and advisory work for Xumo. Gibson Dunn performed said legal and advisory work and invoiced Xumo accordingly.

3. Acting on Xumo's behalf as its majority owner, and in reliance on representations by the Vanderhooks that they would contribute in proportion to their minority ownership interest in Xumo, DDM ultimately advanced payment to Gibson Dunn in complete satisfaction of Xumo's liability to the law firm.

4. Pursuant to Section 2.2 of the LLC Agreement, Xumo's Board of Managers (the "Board") deemed DDM's advance payment an expense of Xumo and instructed Xumo's three owners—Viant, Chris Vanderhook, and Timothy Vanderhook—to contribute additional capital to Xumo to satisfy its resulting obligation to DDM.

5. The Vanderhooks have failed to comply with the Board's instructions as required under Section 2.2 of the LLC Agreement and failed to make payment to DDM for their portion of the advance payment to Gibson Dunn.

6. Section 15.16 of the LLC Agreement entitles Xumo's owners to specific performance to enforce compliance with the terms and provisions of the LLC Agreement in the event any other owner violates its or his obligations thereunder.

7. Viant now seeks to enforce the Vanderhooks' additional capital contribution obligations under Sections 2.2 and 15.16 of the LLC Agreement.

## PARTIES

8. Plaintiff Viant is a Delaware corporation with its principal place of business in New York, New York.

9. Defendant Chris Vanderhook is an individual and a resident of Yorba Linda, California.

10. Defendant Timothy Vanderhook is an individual and a resident of Newport Beach, California.

## JURISDICTION AND VENUE

11. Jurisdiction in this Court is proper pursuant to a consent to jurisdiction provision in the LLC Agreement, the subject of this action, as set forth more fully below.

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a Delaware corporation with its principal place of business in New York, the Vanderhooks are citizens of California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Venue is proper in the Southern District of New York pursuant to a consent to venue provision in the LLC Agreement, the subject of this action, as set forth more fully below, and 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

**The LLC Agreement**

14. On October 4, 2016, Viant and the Vanderhooks executed a limited liability company agreement governing the operation of Xumo and setting forth the parties' respective rights and obligations with respect to the company (as defined above, the "LLC Agreement"). A true and correct copy of the LLC Agreement is attached hereto as **Exhibit A**.

15. Pursuant to the LLC Agreement and at all relevant times, Viant held a 60% ownership stake in Xumo and each of the Vanderhooks respectively held a 20% ownership stake. By virtue of their ownership positions, Viant and the Vanderhooks are designated as "Members" of Xumo in the LLC Agreement.[1]

16. Section 2.2 of the LLC Agreement requires Members to contribute capital to Xumo from time to time as required by Xumo's Board of Managers:

> In addition to the original Capital Contributions of the Members, the Members shall make Additional Capital Contributions in cash, in proportion to their respective Percentage Interest, as determined by the Board of Managers from time to time to be reasonably necessary to pay any operating, capital or other expenses relating to the Business. Upon the

---

[1] When the LLC Agreement was executed, Viant was a wholly-owned subsidiary of Meredith Corporation ("Meredith"). As the result of a series of transactions, DDM succeeded to Meredith's interests in Viant. Viant is presently a wholly-owned subsidiary of DDM.

> Board of Managers making such determination for Additional Capital Contributions, the Company shall deliver to each Member a written notice of the Company's need for Additional Capital Contributions, which notice shall specify in reasonable detail (i) the purpose for such Additional Capital Contributions, (ii) the aggregate amount of such Additional Capital Contributions, (iii) each Member's share of such aggregate amount of Additional Capital Contributions based upon each such Member's Percentage Interest, and (iv) the date (which date shall not be less than five (5) Business days from the date that such notice is given) on which such Additional Capital Contributions shall be required to be made by the Members.

Exhibit A, § 2.2.

17. "Additional Capital Contribution" is defined in the LLC Agreement as, "with respect to each Member, the Capital Contributions made, or to be made, by such Member pursuant to Section 2.2 hereof." *Id.*, § 1.10.

18. Section 15.16 provides that each Member has the right to specific performance to enforce the terms and provisions of the LLC Agreement in the event any other Member fails to perform as required thereunder:

> Each Member agrees with the other Members that the other Members would be irreparably damaged if any of the provisions of this Agreement are not performed in accordance with their specific terms and that monetary damages would not provide an adequate remedy in such event. Accordingly, it is agreed that, in addition to any other remedy to which the nonbreaching Members may be entitled, at law or in equity, the nonbreaching Members shall be entitled to injunctive relief to prevent breaches of the provisions of this Agreement and specifically to enforce the terms and provisions hereof in any action instituted in any court of the United States or any state thereof having subject matter jurisdiction thereof.

*Id.*, § 15.16.

19. The LLC Agreement also provides at Section 15.11 that any legal suit, action, or proceeding arising out of or based upon the LLC Agreement is subject to the following:

> Any legal suit, action or proceeding arising out of or based upon this Agreement or the transactions contemplated hereby may be instituted in

> the federal courts of the United States of America in the United States District Court for the Southern District of New York, or the Supreme Court of the State of New York, New York County, and each Member irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding. . . . Each of the Members irrevocably and unconditionally waives any objection to the laying of venue of any suit, action or any proceeding in such courts and irrevocably waive[s] and agree[s] not to plead or claim in any such court that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

*Id.*, § 15.11.

**Xumo Hires Gibson Dunn**

20. Pursuant to a February 26, 2019 engagement agreement, Xumo retained Gibson Dunn to represent its interests in connection with the contemplated sale of Xumo's internet television service to a third party (the "Engagement"). The engagement agreement was executed on behalf of Xumo by Chris Vanderhook in his capacity as Chief Operating Officer of Xumo.

21. Between February and August of 2019, Gibson Dunn performed certain legal and advisory work for Xumo in the context of the Engagement and billed Xumo approximately $793,377.80 for its work.

22. The Engagement ended in August 2019 as a result of the collapse of the transaction being negotiated.

23. Xumo's Members ultimately entered into a successful deal to sell its internet television service.

24. The Vanderhooks each respectively acknowledged responsibility for their proportionate share of Gibson Dunn's fees in their capacity as Members of Xumo. The Vanderhooks each expressed this understanding to Meredith and subsequently to DDM as Meredith's successor-in-interest.

25. However, neither the Vanderhooks nor Xumo paid any portion of Gibson Dunn's invoices in connection with the Engagement.

**The Judgment and Settlement Agreement**

26. In February 2021, Gibson Dunn obtained an arbitration award against Xumo for the payment of the law firm's legal fees in their entirety, plus additional costs, penalties, and accrued interest (the "Arbitration Award"). The Arbitration Award provided for $938,990.31 in damages, $145,295.33 in prejudgment interest, and $23,208.62 in costs, for a total of $1,107,494.26.

27. In June 2021, the Arbitration Award was confirmed by a California court, and a judgment was issued against Xumo in the amount of $1,107,494.26, plus interest in the amount of $35,244.29, for a total of $1,142,738.55 (the "Judgment"). Xumo did not pay any amount of the Judgment.

28. On April 2, 2022, DDM, acting on behalf of Xumo, entered into an agreement to make payment to Gibson Dunn (the "Settlement Payment") in full satisfaction of Xumo's obligations owed to Gibson Dunn arising from the Engagement (the "Settlement Agreement").

29. Gibson Dunn subsequently executed and filed a satisfaction of judgment deeming Xumo's obligations under the Judgment satisfied in full, and all of Gibson Dunn's claims arising from the Engagement were released and discharged.

30. In May 2022, the Vanderhooks each respectively acknowledged liability to DDM for their proportionate share of Gibson Dunn's fees as Members of Xumo. Again however, the Vanderhooks failed to pay any amount to Xumo or DDM towards their proportionate share of Gibson Dunn's fees.

**The November 11, 2022 Additional Capital Contribution**

31. On November 11, 2022, the majority of Xumo's Board issued a notice to the Members of Xumo (Viant, Chris Vanderhook, and Timothy Vanderhook) notifying them that, pursuant to Section 2.2 of the LLC Agreement, the Board had deemed the Settlement Payment advanced by DDM on Xumo's behalf to be an expense relating to Xumo for which the Members were each required to make an Additional Capital Contribution in accordance with their respective ownership interests (the "Additional Capital Contribution Notice").

32. The Additional Capital Contribution Notice incorporated by reference the Board's resolutions, adopted via written consent dated November 11, 2022, in which the Board authorized and approved the Settlement Payment as an expense of Xumo pursuant to Section 2.2 of the LLC Agreement, and required each of the Members to contribute additional capital in satisfaction of that company expense according to their respective ownership interests in Xumo (the "Additional Capital Contribution Resolution").

33. As required under Section 2.2 of the LLC Agreement, the Board specified in the Additional Capital Contribution Resolution and the Additional Capital Contribution Notice that Viant, Chris Vanderhook, and Timothy Vanderhook each owed their portion of the Settlement Payment consistent with the proportion of each party's ownership interest in Xumo, with Viant thereby owing 60%, Chris Vanderhook owing 20%, and Timothy Vanderhook owing 20% of the Settlement Payment.

34. In the Additional Capital Contribution Notice, the Board specifically provided as follows:

> The Company hereby gives notice to each Member that the Board of Managers has determined, in accordance with Section 2.2 of the LLC Agreement and as set forth in the resolutions attached hereto as Exhibit A, that the amount payable to Gibson, Dunn and Crutcher ("Gibson Dunn")

pursuant to that certain Settlement and Mutual General Release Agreement, dated as of April 2, 2022, which amount is [the Settlement Payment], in respect of fees incurred pursuant to that certain engagement letter by and between Gibson Dunn and the Company, executed by Chris J. Vanderhook, in his capacity as Chief Operating Officer of the Company, is an expense relating to the Business for which each Member is required to make Additional Capital Contributions in accordance with their respective Percentage Interest.

35. Further, in the Additional Capital Contribution Resolution which was attached to the Additional Capital Contribution Notice as set forth above, the Board specifically adopted the following resolutions:

> WHEREAS, pursuant to that certain Settlement and Mutual General Release Agreement, dated as of April 2, 2022 (the "Settlement Agreement"), by and between Gibson Dunn and Dotdash Meredith, Inc., acting on behalf of the Company as the ultimate parent of [Viant], ("Dotdash Meredith"), the Company agreed to pay Gibson Dunn [the Settlement Payment];
>
> NOW, THEREFORE, BE IT RESOLVED, that the [Settlement Payment] be authorized and approved, in accordance with Section 2.2 of the LLC Agreement, as an expense relating to the business of the Company;
>
> RESOLVED FURTHER, that each Member shall make an Additional Capital Contribution to the Company equal to their Percentage Interest multiplied by the [Settlement Payment] (each, a "Settlement Contribution"); . . .

36. The Board further specified that each Member's obligations with respect to the Additional Capital Contribution Notice would be deemed satisfied by payment of their respective amounts directly to DDM, which had previously advanced those funds to Gibson Dunn in full satisfaction of Xumo's obligations arising from the Engagement. Each Member's payment to DDM pursuant to the Additional Capital Contribution Notice was to be made no later than November 21, 2022.

37. Because Viant was (and is) a wholly owned subsidiary of DDM, the Board deemed Viant's Additional Capital Contribution obligation (i.e., 60% of the Settlement Payment) satisfied pursuant to intercompany accounting procedures.

38. To date, neither Chris Vanderhook nor Timothy Vanderhook has made any payment to either Xumo or DDM towards their respective obligations (i.e., 20% each of the Settlement Payment) owed under the Additional Capital Contribution Notice and Section 2.2 of the LLC Agreement.

## COUNT I
### Breach of Contract/Specific Performance

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 38 above, as if fully set forth herein.

40. The LLC Agreement is a valid and binding contract by and among Viant, Chris Vanderhook, and Timothy Vanderhook.

41. Subject to certain terms and conditions, Section 2.2 of the LLC Agreement requires Viant, Chris Vanderhook, and Timothy Vanderhook to contribute capital to Xumo from time to time as required by the Board.

42. In the November 11, 2022 Additional Capital Contribution Notice, and consistent with the terms and conditions of Section 2.2 of the LLC Agreement, the Board required Viant to contribute 60% of the Settlement Payment; Chris Vanderhook to contribute 20% of the Settlement Payment; and Timothy Vanderhook to contribute 20% of the Settlement Payment in additional capital by November 21, 2022 in satisfaction of Xumo's obligation to DDM arising from DDM's making the Settlement Payment to Gibson Dunn, in full satisfaction of Gibson Dunn's Judgment against Xumo.

43. Viant has satisfied its obligations under the Additional Capital Contribution Notice and Section 2.2 of the LLC Agreement via intercompany accounting procedures.

44. To date, neither Chris Vanderhook nor Timothy Vanderhook has made any payment towards their respective obligations of 20% of the Settlement Payment each owed under the Additional Capital Contribution Notice and Section 2.2 of the LLC Agreement.

45. As such, the Vanderhooks are in continuing violation of Section 2.2 of the LLC Agreement.

46. Section 15.16 of the LLC Agreement provides that each Member has the right to specific performance to enforce the terms and provisions of the LLC Agreement in the event any other Member fails to perform as required thereunder.

47. Viant is therefore entitled to the remedy of specific performance to enforce the Vanderhooks' compliance with the Additional Capital Contribution Notice issued by the Board pursuant to Section 2.2 of the LLC Agreement, specifically the payment of 20% of the Settlement Payment from each of Chris Vanderhook and Timothy Vanderhook to DDM.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court for:

A. an affirmative injunction requiring specific performance of Defendants' obligations under the Additional Capital Contribution Notice and Sections 2.2 and 15.16 of the LLC Agreement;

B. Pre-judgment and post-judgment interest; and

C. Such other and further relief as the Court may deem proper.

Dated:  New York, New York                           Respectfully submitted,
        February 16, 2023

*/s/   Michael Margulies*
Michael D. Margulies
Alex M. Bein
Carlton Fields, P.A.
405 Lexington Ave., 36th Fl.
New York, NY 10174
Tel: (212) 785-2577
mmargulies@carltonfields.com
abein@carltonfields.com

*Attorneys for Plaintiff, Viant Technology Holding Inc.*
